IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANI-KING OF PITTSBURGH, INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO: |
| WILLIAM E. WOULO, | : |
| Defendant. | : CASE ELECTRONICALLY FILED |

## VERIFIED COMPLAINT

Jani-King of Pittsburgh, Inc. ("Jani-King"), by its undersigned attorneys, hereby brings the following Complaint for injunctive relief and damages against Defendant William E. Woulo ("Defendant") for (i) breach of contract; (ii) misappropriation and misuse of trade secrets; (iii) conversion of confidential business information; and (iv) breach of fiduciary duty, and in support thereof avers as follows:

### I. PARTIES

1. Jani-King is a Texas corporation maintaining its principal place of business at 16885 Dallas Parkway, Addison, Texas 75001, and transacting business in this judicial district at Foster Plaza, Building Nine, 750 Holiday Drive, Suite 105, Pittsburgh, PA 15220.

2. Defendant is a former Regional Director of Jani-King. Upon information and belief, Defendant is a citizen of the Commonwealth of Pennsylvania, residing at 995 Redwood Drive, Pittsburgh, Pennsylvania 15234.

### II. JURISDICTION AND VENUE

3. Jurisdiction exists by virtue of diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs. Immediate injunctive relief is sought pursuant to Federal Rule of Civil

Procedure 65(a). Venue is proper in this judicial district under 28 U.S.C. § 1391(a), as it is the district in which conduct complained of arose.

### III. THE FACTS

4.  Jani-King is engaged in the business of, <u>inter alia</u>, the franchising and support of comprehensive cleaning and maintenance businesses which engage in the performance of complete cleaning and/or maintenance related services.

5.  Defendant commenced his employment with Jani-King in or about August 5, 2008.

6.  As a condition of his employment, Defendant agreed to comply with the terms of his <u>Regional Director Employment and Non-Disclosure Agreement</u> (the "<u>Agreement</u>"). A copy of his agreement is attached hereto, made part hereof, and marked as Exhibit "**A.**"

7.  In pertinent part, the terms, conditions and provisions of the Defendant's employment contract provided that the company:

    (a)  train and employ Defendant as a Regional Director, a sales and management position;

    (b)  provide Defendant with confidential and proprietary Jani-King information for the purpose of performing his duties as a Jani-King employee; and

    (c)  pay Defendant a salary and allow him to participate in a bonus program while he was employed as a Regional Director.

8.  Jani-King provided the above consideration to Defendant and has satisfied all conditions precedent.

9.  More specifically, Jani-King compensated Defendant at all times during his employment with Jani-King, provided Defendant with extensive support services, paid for facilities, computer equipment, sales tracking and reporting services, and other business

2

expenses, provided Defendant with sales opportunities, and provided Defendant with all Jani-King benefits, systems, and support at all times.

10. In addition to the foregoing, Jani-King provided Defendant with office facilities, secretarial services, operational systems, the benefit of Jani-King advertising, goodwill and name recognition, and with promotional marketing and sales support.

11. Jani-King also provided Defendant with the ability to develop relationships with customer accounts, customer referrals, reassignments of former and current Jani-King accounts, and customer leads and new accounts generated by Jani-King's advertising campaigns and referral network; Jani-King also promised to, and did, provide Defendant with additional Jani-King trade secret and proprietary information for use in discharging his duties as a Jani-King employee.

12. By virtue of Defendant's employment at Jani-King, Defendant gained access to Jani-King's books and records, the confidential information contained therein, and especially the identity of Jani-King customers, including their names and addresses, account histories, janitorial needs, and their preferences.

13. As a result of the foregoing, and solely by virtue of his employment with Jani-King, Jani-King provided to Defendant access to information and records that contained the business practices and processes of Jani-King, as well as its financial reporting, accounts payable and receivable, revenue projections, profit and loss statements, expense reports, and related confidential internal reports.

14. In consideration of the foregoing benefits and opportunities provided by Jani-King to Defendant, he agreed in his <u>Agreement</u> to maintain as confidential, and not to disclose, any information that he obtained by virtue of his employment with Jani-King:

3

    8.1.    All information not lawfully or readily available to the general public in the form compiled and/or utilized by Jani-King, whether written or otherwise, regarding the business of Jani-King or any subsidiary company of Jani-King International, Inc. or any affiliates or direct or indirect subsidiaries (collectively, the "Companies") is confidential information proprietary to Jani-King ("Confidential Information"). Employee acknowledges, understands, and agrees that Confidential Information specifically includes, but is not limited to, the Companies' customer information, customer lists, franchisee lists, sales leads, lists of potential customers, cost information, price information, earnings information, product information, products, formulae, software, compositions, machines, apparatus, systems, manufacturing procedures, prospective and executed contracts and other business arrangements, manner of operation, plans, processes, and sources of supply, except to the extent that that such information may be otherwise lawfully and readily available to the general public in the form compiled and/or utilized by Jani-King. Jani-King hereby agrees to provide Confidential Information during his employment, including the trial probationary period of ninety (90) days. The performance of Employee's duties under this Agreement necessarily involves the disclosure by Jani-King, and obtaining or use by Employee, of Confidential Information.

    8.2    Employee shall not at any time, during or after his employment by Jani-King, in any manner, either directly or indirectly, divulge, disclose or communicate to any person, firm, or corporation any information affecting or relating to the Companies' business (including, but not limited to, the Confidential Information), without regard to whether all of the foregoing matter will be deemed confidential, material or important. The parties hereto stipulate that such information is material and confidential and the disclosure of such would seriously affect the business and goodwill of Jani-King. Any breach of the terms of this paragraph shall be a material breach of the Agreement.

(Exhibit "A" at §§ 8.1, 8.2) (emphasis added).

    15.    In addition, Defendant agreed that, upon the termination of his employment, he would return all Jani-King information:

    8.4.    Upon termination of employment, for whatever reason, Employee will immediately return to Jani-King all property belonging to Jani-King within Employee's possession, custody or control, including all originals, copies, reproductions, and/or derivations of documents, photographs, software, and other written, typed, or electronically or magnetically recorded or stored materials

4

(whether furnished by Jani-King or prepared by the Employee), which contain any information relating to the Companies' business. Employee agrees to neither make nor retain any copies of such materials after termination of employment.

(Exhibit "A" at § 8.4) (emphasis added).

16. Defendant also agreed, as a condition of his employment, to abide by Jani-King policies that specifically state that its information is confidential and should not be disclosed outside the firm

> **Non-Disclosure**
> The protection of confidential business information and trade secrets is vital to the success of Jani-King. Such confidential information includes, but is not limited to, the following:
>
> - manufacturing processes
> - customer lists
> - customer preferences
> - compensation data
> - computer processes
> - financial information
> - marketing strategies
> - pricing information
> - pending projects and proposals
> - technological data
> - shipping information
>
> Employees who improperly use or disclose trade secrets or confidential business information will be subject to disciplinary action, up to and including termination. Such employees also may face legal action.

Jani-King Employee Handbook at p. 46; Exhibit "**B**" hereto.

17. Defendant's employment with Jani-King terminated on or about November 10, 2009.

18. Since his separation from Jani-King, Defendant has:

(a) repeatedly admitted that he has retained voluminous Jani-King Confidential Information and other proprietary and trade secret information which is the sole and exclusive property of Jani-King;

5

(b) repeatedly refused to return this information to Jani-King upon demand; and

(c) threatened to disclose much of this information, including information related to Jani-King business practices and processes, and detailed financial information, to various third parties.

19. Indeed, on at least three distinct occasions, Defendant has threatened to reveal highly confidential, proprietary and trade secret Jani-King information outside the company, in direct violation of his Agreement.

20. Most recently, Defendant has come forward with a specific threat to forward to various entities, including current and former Jani-King subfranchisors, employees and franchisees, various government entities, the press, and the public at large a document which contains a detailed description of Jani-King's business operations and financial information, which Defendant states he is "bound and within all of my legal right to disseminate such information in a manner that I deem appropriate." See February 17, 2010 e-mail attached hereto as Exhibit "C". The attachment to this e-mail has been redacted to protect the confidential and trade secret nature of the information contained therein; Jani-King will provide a copy to the Court upon request.

21. Defendant's ongoing possession of Jani-King's confidential and proprietary information is a direct violation of his contractual and trade secret obligations to Jani-King. Defendant' disclosure of this information would also be a direct violation of Defendant's contractual obligations, as well as the Jani-King policies to which he acknowledged and agreed to abide by, and Jani-King's trade secret rights.

22. Jani-King therefore alleges that Defendant prepared to engage in, is engaging in, and plans to continue to engage in, inter alia, the following acts:

(a) removal of Jani-King business information and conversion of the information contained in confidential Jani-King business records, specifically including information related

        to Jani-King's business practices, processes, and procedures, as well as its financial statements, accounting ledgers, expense forms, and profit and loss statements; and

(b)     transmitting verbally, in writing or in any other manner outside Jani-King the confidential information contained in the records of Jani-King and described in sub-paragraph (a); and

(c)     other such acts contrary to the terms, conditions, and provisions of Defendant's Agreement and Jani-King policies.

23.     Defendant's conduct was and is in furtherance of a plan to obtain and to convert to his personal use the information contained in the records of Jani-King, the property of Jani-King, the confidential information used to conduct business at Jani-King, and the trade secrets of Jani-King, and to do so by means of his retention and disclosure of Jani-King's confidential and proprietary business information, which became known to him solely by virtue of his employment with Jani-King.

24.     Jani-King believes and, therefore, avers that:

(a)     Defendant has possession or control of Jani-King confidential customer information, Jani-King proprietary information, and/or Jani-King trade secrets;

(b)     Defendant has retained, and will continue to retain and disclose to others, the confidential customer information of Jani-King; and

(c)     Defendant will otherwise continue to engage in acts constituting a breach of the terms of his Agreement and Jani-King policies; a breach of his fiduciary duties; and other tortious conduct, including conversion, misappropriation of trade secrets and unfair competition.

## COUNT I
## INJUNCTIVE RELIEF

25.     The averments of Paragraphs 1 through 24 are incorporated by reference herein with the same force and effect as if set forth in full below.

26. By virtue of the foregoing, Jani-King has demonstrated a likelihood of success on the merits and that a balancing of the equities favors the issuance of an injunction against Defendant.

27. Unless Defendant is temporarily and preliminarily enjoined from the foregoing conduct, Jani-King will be irreparably harmed by:

(a) Disclosure of trade secrets, business practices and processes, financial reports and related data, and other confidential information that is solely the property of Jani-King;

(b) Loss of confidentiality of its business records and financial dealings, loss of confidence and trust of clients, loss of goodwill, and loss of business reputation;

(c) Present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

28. Jani-King has no adequate remedy at law.

WHEREFORE, Jani-King respectfully requests that:

(1) A Temporary Restraining Order and/or a Preliminary Injunction issue immediately, enjoining Defendant, directly or indirectly, and whether alone or in concert with others, until hearing and thereafter until further Order of this Court, from:

(a) using, disclosing, or transmitting for any purpose, the information contained in the records of Jani-King, including but not limited to, it business practices and processes, and its internal financial reports;

(b) destroying, erasing or otherwise making unavailable for further proceedings in this matter, or in any related proceeding between the parties, any records or documents (including data or information maintained in computer

8

media) in Defendant's possession or control which were obtained from or contain information derived from any Jani-King records, which pertain to its business, or which relate to any of the events alleged in the Complaint in this action.

(2) Defendant, and anyone acting in concert or participation with Defendant, including (but not limited to) his counsel, are further ordered to return to Plaintiff's counsel any and all information concerning Jani-King's business, and/or which were obtained by Defendant as a result of his employment with Jani-King, whether in original, copied, computerized, handwritten, or recreated, within 24 hours of notice to Defendant or his counsel of the terms of the Court's Order; provided, however, that any information in computerized or electronic form (including but not limited to personal computers, lap top computers, Blackberries, Treos, Palm Pilots, mobile telephones and any other device in, or on, which data can be electronically stored) shall be provided by Defendant to his counsel within 24 hours of notice to Defendant or his counsel of the terms of the Court's Order, and Defendant's counsel shall preserve the integrity of such devices and immediately make any and all such devices available for inspection and duplication by Plaintiff's counsel and/or computer forensic consultants.

## COUNT II
## BREACH OF CONTRACT

29. The allegations of Paragraphs 1 through 28 are incorporated herein by reference with the same force and effect as if set forth in full below.

30. Defendant has violated, <u>inter alia</u>, his Agreement with Jani-King, attached hereto as Exhibit "A", and Jani-King policies.

31. Defendant is continuing to violate his contractual obligations and Jani-King policies.

32. As a consequence of the foregoing, Jani-King has suffered and will continue to suffer irreparable harm and loss.

## COUNT III
## MISAPPROPRIATION OF TRADE SECRETS

### 12 Pa.C.S. § 5301 et seq.

33. The allegations of Paragraphs 1 through 32 are incorporated herein by reference with the same force and effect as if set forth in full below.

34. The books and records of Jani-King, the confidential information contained therein, and including the identity of Jani-King's customers, and the internal processes and procedures Jani-King has developed and continually refined, as well as Jani-King's daily operating information, including financial statements, profit and lost statements, and other accounting records, are trade secrets of Jani-King subject to protection under the Pennsylvania Uniform Trade Secrets Act.

35. The information described herein is a compilation of information, which derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

36. Jani-King has taken more than adequate measures under the circumstances to maintain the secrecy of this information, including by having Defendant sign the agreement, attached as Exhibit "A," which expressly prohibits the use and disclosure of such information outside of Jani-King, and by requiring Defendant to abide by Jani-King policies.

37. The foregoing conduct of Defendant constitutes a misappropriation and misuse of Jani-King's confidential, trade secret information in violation of the Pennsylvania Uniform Trade Secrets Act because Defendant is using and threatening to disclose Jani-King's business information without Jani-King's consent and despite the fact that Defendant's knowledge of this information was acquired by Defendant under circumstances giving rise to a

duty to maintain the information's secrecy and limit its use, which duty Defendant expressly owed to Jani-King as an agent and employee of Jani-King.

38. As a consequence of the foregoing, Jani-King has suffered and will continue to suffer irreparable harm and loss.

### COUNT IV
### TORT-CONVERSION

39. The allegations of Paragraphs 1 through 38 are incorporated herein by reference with the same force and effect as if set forth in full below.

40. The foregoing conduct of Defendant constitutes a conversion of Jani-King's proprietary information, confidential business information and/or trade secrets.

41. As a consequence of the foregoing, Jani-King has suffered and will continue to suffer irreparable harm and loss.

WHEREFORE, by virtue of the foregoing acts complained of in Counts II, III, and IV, Jani-King demands judgment in its favor and against Defendant for temporary and/or preliminary injunctive relief, and damages.

Respectfully submitted,

Dated: February 25, 2008

/s/ Wayne E. Pinkstone
Wayne E. Pinkstone
Attorney ID No. PA73702
Fisher & Phillips LLP
201 King of Prussia Road, Suite 650
Radnor, PA  19087
(610) 230-2136 (direct)
(610) 230-2151 (facsimile)
wpinkstone@laborlawyers.com

Attorneys for Plaintiff
Jani-King of Pittsburgh, Inc.

11

## **VERIFICATION**

I, James Petrick, declare as follows:

1. I am the Executive Director of Corporate Development for Jani-King International, Inc., with responsibility for supervising Jani-King of Pittsburgh, Inc.;

2. I am familiar with the facts set forth in the above Complaint, including William Woulo's employment with Jani-King and his post-employment conduct; and

3. I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief, and is made subject to penalties applicable to unsworn falsifications to authorities pursuant to 18 U.S.C. § 1001.

Dated: February 24, 2010

_____
James Petrick
Executive Director of Corporate Development
Jani-King International, Inc.

Philadelphia 28922.1