IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANI-KING OF PITTSBURGH, INC., | : | |
| | | CIVIL ACTION |
| Plaintiff, | : | |
| | | |
| v. | : | No. 2:10-cv-00275-JFC |
| | | |
| WILLIAM E. WOULO | : | Joy Flowers Conti, Judge |
| | | |
| Defendant. | : | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**WILLIAM E. WUOLO**, (incorrectly misspelled in the Complaint, filed herein) Plaintiff, by his undersigned attorneys, states in Opposition to the Plaintiff's Motion for Injunctive Relief, that the Court ought to deny same. In support of his Opposition, Mr. Wuolo states as follows:

1.  The Complaint filed in the instant action should be dismissed, and, all injunctive relief denied based upon several reasons. The Complaint should be dismissed for lack of subject matter jurisdiction. Diversity jurisdiction is absent in the case from a cursory review of the complaint. Second, Plaintiff cannot show that it meets the statutory monetary jurisdictional threshold for maintaining the case. See attached Exhibit.

1

2.      The Plaintiff's request for injunctive relief, even if subject matter jurisdiction is found to exist, should be denied.  First, no publication of the Plaintiff's trade secrets, or other confidential information has occurred in the case. Second, if any item or document, alleged to be protected by prior in time confidentiality or non-disclosure agreements has been published: a) Mr. Wuolo was given specific authority to publish same, b) the document or item is a matter of public knowledge based upon prior in time disclosure to a state or federal agency, c) Plaintiff has consented to or waived any claim of non-disclosure to its documents being revealed to the various said public agencies. Third, any other document, property of the Plaintiff, has been offered to be returned to Plaintiff.

3.      Plaintiff's request for injunctive relief is amiss in several additional important areas.  Because no actual publication of any item or document belonging to the Plaintiff has occurred, and, because, no evidence exists that Mr. Wuolo presently plans to publish any confidential information belonging to the Plaintiff, the Plaintiff cannot sustain its burden of proof pertinent to irreparable harm or likelihood of success on the merits. In cases involving noncompetition and non-disclosure agreements, it has been declared to be well-settled law that injunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties. Nor will an injunction be issued to restrain one from doing what he is not attempting and does not intend to do.

4. *Lack of Subject Matter Jurisdiction* - It is a basic tenet of federal jurisprudence that "the federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction." *Carlsberg Resources Corp. v. Cambria Savings & Loan Assoc.*, 554 F.2d 1254, 1256 (3d Cir. 1977). This Court has a duty "to inquire sua sponte into the jurisdictional attributes of a case and to dismiss the complaint if subject matter jurisdiction is absent." *Carlsberg Resources Corp. v. Cambria Savings & Loan Assoc.*, 413 F. Supp. 880, 881(W.D. Pa. 1976), aff'd, 554 F.2d 1254 (3d Cir. 1977). See Fed. R. Civ. P. 12(h)(3).

When jurisdiction is based on diversity of citizenship, the complaint must specifically allege each party's citizenship. *American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 [*3] F.2d 15 (5th Cir. 1979). Furthermore, there must be complete diversity between the plaintiff and all of the defendants. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373-77 (1978)*: Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). For purposes of diversity jurisdiction a corporation is deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c) (1982) (emphasis added). See *Carolina Casualty Ins. Co. v. Insurance Co. of North America,* 595 F.2d 128, 130 n.1 (3d Cir. 1979). This Circuit has not read the jurisdictional prerequisites of § 1332 for corporations "in the disjunctive, but rather, has required complaints to include allegation of both the place of incorporation and the principal place of business of the corporate parties." *Moore v. Sylvania Elec. Prods., Inc.*, 454 F.2d 81, 84 n.1 (3d Cir. 1972) (emphasis added)*; Bonar, Inc. v. Schottland*, 631 F. Supp. 990, 993-94 (E.D. Pa. 1986)*;*

*Holman v. Carpenter Technology Corp.*, 484 F. Supp. 406, 407-08 (E.D. Pa. 1980).

Furthermore, to successfully plead diversity jurisdiction a plaintiff must also allege that "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

In the case, the only named Plaintiff is Jani-King of Pittsburgh, Inc.  Jani-King of Pittsburgh, is a Pennsylvania corporation.  Because Mr. Wuolo, Defendant, is also a resident of Pennsylvania, no diversity jurisdiction exists in the case.

Further, without some clear indication of its statement of damages, or, how it has or will be damaged.  Jani-King has only set forth speculative vague allegations pertinent to requisite jurisdictional amount.  The instant case should be dismissed.

5.  *Jani-King Cannot Sustain Its Burden to Show the Need For Injunctive Relief* - The risk of harm if information is inadvertently disclosed is not sufficient to satisfy the standard for granting a preliminary injunction. There must be an imminent threat of the allegedly harmful disclosure.  *Continental Group, Inc. v. Amoco Chemicals Corp*., 614 F.2d 351  (3rd Cir. 1980), *Scholastic Funding Group, LLC v. Kimble*, 2007 U.S. Dist. LEXIS 30333  (D.N.J. Apr. 24, 2007) *Zokaites v. Land-Cellular Corp*., 424 F. Supp. 2d 824 ( W.D. Pa. 2006) Cercone, J.

Jani-King's various pleadings only demonstrate, in the absent of a clear showing of *actual or threatened disclosure* no more than a "risk of harm."  More than a risk of irreparable harm must be demonstrated. *Continental Group, Inc*, supra.  The requisite for injunctive relief has been characterized as a clear showing of immediate irreparable

injury, or a presently existing actual threat; an injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law.  Jani-King's motion for injunctive relief should be denied.

        Respectfully submitted,

    **LAW OFFICES OF LOIS E. GLANBY**

        **/S/ Lois E. Glanby**

        _____
        **Lois E. Glanby, Esquire**
        **PA I.D. No. 80784**

        **/s/ Herbert A. Terrell**

        _____
        **Herbert A. Terrell, Esquire**
        **Pa. Bar Id.  26129**
        **152 E. Highland Drive**
        **McMurray, PA 15317**
        **(724) 942-0524**

        **Counsel for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, a true and correct copy of the foregoing was filed electronically through the Court's ecf/cm filing system, and that a copy of this document will be served on counsel for all parties by the electronic filing system on this 4th day of March 2010.

/s/ Herbert A. Terrell
_____
Herbert A. Terrell